Case 2:22-cv-00182   Document 31   Filed on 03/03/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICK DENNIS HOSTETTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00182 |
| | § | |
| ARANSAS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Plaintiff Patrick Dennis Hostetter, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.E. 30). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

**I.   BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at the Willacy County State Jail in Raymondville, Texas. Plaintiff's allegations in this case arise in connection with his previous confinement as a pretrial detainee at the Aransas County Detention Center (ACDC) in Rockport, Texas.

Plaintiff named the following defendants in this action: (1) Aransas County; (2) Deputy Chief Chapa (Chapa); (3) Captain Andrade (Andrade); (4) Officer Doane (Doane); and (5) Officer Solis (Solis). (D.E. 1, p. 3). Plaintiff primarily claimed that Defendants acted with deliberate indifference to his serious medical needs by failing to report an accident involving an inmate transport van and giving Plaintiff immediate medical attention for his injuries suffered in the accident. (*Id.* at 4-7). Plaintiff sought monetary relief and criminal charges filed against the individual defendants. (*Id.* at 4).

On September 21, 2022, the undersigned conducted a *Spears*[1] hearing where Plaintiff was given an opportunity to explain his claims. In a Memorandum and Recommendation issued on December 12, 2022 (M&R), the undersigned recommended that:

- Plaintiff's claims seeking criminal charges against Doane and Solis be dismissed with prejudice as frivolous and/or for failure to state a claim for relief;

- Plaintiff's claims against Aransas County and the individual defendants in their official capacities be dismissed with prejudice;

- Plaintiff's deliberate indifference claims against Doane and Solis in their individual capacities be dismissed with prejudice as frivolous and/or for failure to state a claim for relief;

- Plaintiff's claims against Andrade in his individual capacity for verbal harassment and making threats be dismissed with prejudice as frivolous and/or for failure to state a claim for relief; and

- Plaintiff's claims against Chapa in his individual capacity for failing to resolve Plaintiff's informal and formal complaints in his favor be

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

> dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

(D.E. 18, pp. 12-24). The undersigned further recommended that the dismissal of Plaintiff's action count as a "strike" for purposes of 28 U.S.C. § 1915(g). (*Id.* at 24).

After being granted an extension of time to file objections to the M&R (D.E. 21), the Court received Plaintiff's 39-page objections on January 6, 2023. (D.E. 23). On January 31, 2023, District Judge David S. Morales overruled Plaintiff's objections and adopted the M&R in its entirety. (D.E. 28). That same day, District Judge Morales entered a Final Judgment dismissing Plaintiff's complaint with prejudice. (D.E. 29). Plaintiff subsequently filed his Rule 59(e) Motion to Alter or Amend the Judgment. (D.E. 30).

## II. DISCUSSION

A motion which attacks a final judgment is treated either as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). On March 2, 2023, the Court received Plaintiff's post-judgment motion. Plaintiff's motion, however, is dated February 23, 2023. (D.E. 30, p. 5).

Inmate *pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). Giving Plaintiff the benefit of the doubt, the undersigned will assume that Plaintiff deposited his motion into the prison mailing system on February 23, 2023, the day it was dated and signed. Because Plaintiff filed his motion within twenty-eight (28) days of the entry date

of the Final Judgment, the undersigned will construe his motion as one arising under Rule 59(e).

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.* at 479.

In his Rule 59(e) motion, Plaintiff asks the Court for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). (D.E. 30, p. 1). Plaintiff seeks to add two defendants (Dr. Randy D. Bingham and the ACDC) and as well as include more facts and claims to the complaint. (*Id.* at 2). Plaintiff claims that these new defendants violated his Eighth Amendment rights. (*Id.*).

Additionally, Plaintiff specifically claims he was denied access to the courts because: (1) another inmate at the Willacy County State Jail stole cables off the law library's computer; and (2) the Willacy County State Jail failed to replace the stolen computer cable, thereby denying Plaintiff the opportunity to investigate his case and present objections to the M&R. (*Id.* at 3). Furthermore, Plaintiff claims that the law library

officer failed to provide Plaintiff with meaningful assistance, such as looking up relevant authority in certain law library books addressing Plaintiff's claims. (*Id.*).

Requests for leave to amend a complaint are ordinarily governed by Rule 15(a). *See Lewis v. Brazoria Cnty. Sheriff's Office*, No. H-10-5014, 2012 WL 12994979, at *1 (S.D. Tex. Jan. 6, 2012). In this case, however, Plaintiff seeks to amend his complaint after the Court has entered final judgment. "When a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than Fed. R. Civ. P. 15(a)." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under [Rule] 59(e) or 60." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Nevertheless, the Fifth Circuit has held that the analysis of a party's Rule 59(e) motion seeking leave to amend the complaint "'should be governed by the same considerations controlling the exercise of discretion under [Fed. R. Civ. P.] 15(a).'" *Allen*, 907 F.3d at 184 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981)).

Rule 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, while leave to amend is not automatic, "Rule 15 evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (quoting *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

"Leave to amend should not be denied unless there is *substantial reason* to do so." *Montemayor v. Chudasama*, No. 3:21-CV-2252-N-BH, 2021 WL 5450994, at *3 (N.D. Tex. Oct. 19, 2021), *rec. adopted* 2021 WL 5449032 (N.D. Tex. Nov. 19, 2021) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998)) (emphasis in original). "There is substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile." *Montemayor*, 2021 WL 5450994 at *3 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile if, after the amendment, the complaint would still 'fail to state a claim upon which relief could be granted.'" *Burnette v. RateGenius Loan Services, Inc.*, 671 F. App'x 889, 894 (5th Cir. 2016) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

Here, substantial reason exists to deny Plaintiff's post-judgment motion seeking to amend his complaint. As an initial manner, the undersigned notes that Plaintiff has not attached a complete amended complaint to his motion. By Order issued on August 15, 2022, Plaintiff is required to attach a complete amended complaint to any motion to amend. (D.E. 10, ¶ 7).

Plaintiff's proposed amendment to add claims for Eighth Amendment violations and denial of his access to the courts would be futile for failure to fail to state a claim for relief. With respect to his Eighth Amendment claims, the ACDC is not a legal entity capable of being sued. *See Rogers v. Nueces County Jail*, No. C-07-410, 2007 WL 4367814, at *4

(S.D. Tex. Dec. 13, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)). Plaintiff further provides no specific facts to show how Dr. Bingham violated Plaintiff's Eighth Amendment rights. *See Washington v. Martin*, No. 9:19-CV-143, 2021 WL 8097464, at *4 (E.D. Tex. Apr. 6, 2021), *rec. adopted* 2022 WL 807996 (E.D. Tex. Mar. 16, 2022) ("Plaintiff's conclusory assertions of deliberate indifference fail to state a viable Eighth Amendment claim under section 1983.").

Plaintiff further seeks to claim that he was denied access to the courts by prison officials and another inmate. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable or nonfrivolous claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff seeks to present allegations that the actions of prison officials and another inmate impeded his efforts to file reasonable and proper objections to the M&R. (D.E. 30,

p. 3). Plaintiff, however, provides no specific allegations showing what non-frivolous arguments he was prevented from raising in his objections. The record reflects that Plaintiff submitted objections totaling 39 pages, within which he advanced numerous arguments challenging the M&R's findings and conclusions. (*See* D.E. 23). Plaintiff fails to indicate how he suffered an actual injury with respect to his ability to submit appropriate objections. Indeed, the filing of his extensive objections belies any suggestion that Plaintiff was denied meaningful access to the courts. Accordingly, Plaintiff's proposed amendment regarding the denial of his access to the courts would be futile for failure to state a claim for relief.

Moreover, Plaintiff improperly seeks to raise new claims against parties not named in the original complaint. *See* Fed. R. Civ. P. 18(a) (allowing a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party"). Plaintiff's new Eighth Amendment and denial-of-access-to-courts claims arise out of separate transactions and occurrences as compared to his claims asserted against the defendants named in the original complaint. Fed. R. Civ. P. 20(a) (allowing only the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants). Plaintiff, therefore, may not seek to add to this case his new claims against additional parties.

### III. RECOMMENDATION

For the foregoing reason, Plaintiff cannot establish entitlement to relief from the Court's final judgment under either Rule 59(e) or Rule 15(a). The undersigned respectfully

recommends, therefore, that Plaintiff's Motion to Alter and Amend the Judgment (D.E. 30) be **DENIED**.

Respectfully submitted on March 3, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).