United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICK DENNIS HOSTETTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00182 |
| | § | |
| ARANSAS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Patrick Dennis Hostetter, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion For Leave to File Amended Complaint. (D.E. 34). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

## I.      BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at the Willacy County State Jail in Raymondville, Texas. Plaintiff's allegations in this case arise in connection with his previous confinement as a pretrial detainee at the Aransas County Detention Center (ACDC) in Rockport, Texas.

Plaintiff named the following defendants in this action: (1) Aransas County; (2) Deputy Chief Chapa (Chapa); (3) Captain Andrade (Andrade); (4) Officer Doane (Doane); and (5) Officer Solis (Solis).  (D.E. 1, p. 3).  Plaintiff primarily claimed that Defendants acted with deliberate indifference to his serious medical needs by failing to report an accident involving an inmate transport van and giving Plaintiff immediate medical attention for his injuries suffered in the accident.  (*Id.* at 4-7).  Plaintiff sought monetary relief and criminal charges filed against the individual defendants.  (*Id.* at 4).

On September 21, 2022, the undersigned conducted a *Spears*[1] hearing where Plaintiff was given an opportunity to explain his claims.   In a Memorandum and Recommendation issued on December 12, 2022 (M&R), the undersigned recommended that:

- Plaintiff's claims seeking criminal charges against Doane and Solis be dismissed with prejudice as frivolous and/or for failure to state a claim for relief;

- Plaintiff's claims against Aransas County and the individual defendants in their official capacities be dismissed with prejudice;

- Plaintiff's deliberate indifference claims against Doane and Solis in their individual capacities be dismissed with prejudice as frivolous and/or for failure to state a claim for relief;

- Plaintiff's claims against Andrade in his individual capacity for verbal harassment and making threats be dismissed with prejudice as frivolous and/or for failure to state a claim for relief; and

- Plaintiff's claims against Chapa in his individual capacity for failing to resolve Plaintiff's informal and formal complaints in his favor be

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

(D.E. 18, pp. 12-24).   The undersigned further recommended that the dismissal of Plaintiff's action count as a "strike" for purposes of 28 U.S.C. § 1915(g).  (*Id.* at 24).

After being granted an extension of time to file objections to the December 12, 2022 M&R (D.E. 21), the Court received Plaintiff's 39-page objections on January 6, 2023. (D.E. 23).   On January 31, 2023, District Judge David S. Morales overruled Plaintiff's objections and adopted the December 12, 2022 M&R in its entirety.  (D.E. 28).   That same day, District Judge Morales entered a Final Judgment dismissing Plaintiff's complaint with prejudice.  (D.E. 29).

On March 2, 2023, the Court received Plaintiff's Motion to Alter or Amend the Judgment filed under Federal Rule of Civil Procedure 59(e).  (D.E. 30).  In a Memorandum and Recommendation issued on March 3, 2023 (March 3, 2023 M&R), the undersigned noted that Plaintiff's motion effectively sought leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a).  (D.E. 31, p. 4).  The undersigned explained that Rule 59(e) motions seeking leave to amend complaint are nevertheless governed by considerations in analyzing a Rule 15(a) motion to amend.  (*Id.* at 5).  Ultimately, the undersigned recommended that Plaintiff's Rule 59(e) motion be denied as futile and for impermissibly seeking to raise new claims against parties not named in the original complaint.  (*Id.* at 8-9).  On March 27, 2023, District Judge Morales adopted the March 3, 2023 M&R.  (D.E. 32).

## II.    DISCUSSION

On April 19, 2023, the Court received Plaintiff's Motion for Leave to File Amended Complaint, dated April 9, 2023, along with an attached amended complaint.  (D.E.'s 34 & 34-1).  Requests for leave to amend a complaint are ordinarily governed by Rule 15(a). *See Lewis v. Brazoria County Sheriff's Office*, No. H-10-5014, 2012 WL 12994979, at *1 (S.D. Tex. Jan. 6, 2012). In this case, however, Plaintiff seeks to amend his complaint after the Court has entered final judgment. "When a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than Fed. R. Civ. P. 15(a)." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).  "Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under [Rule] 59(e) or 60." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000).  Nevertheless, the Fifth Circuit has held that the analysis of a party's Rule 59(e) motion seeking leave to amend the complaint "'should be governed by the same considerations controlling the exercise of discretion under [Fed. R. Civ. P.] 15(a).'"  *Allen*, 907 F.3d at 184 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981)).

Before considering Plaintiff's post-judgment motion under the same considerations governing a Rule 15(a) motion, the Court will first determine whether Plaintiff's motion is in fact one filed pursuant to Rule 59(e) or Rule 60(b). A motion which attacks a final judgment is treated either as a motion to alter or amend the judgment under Rule 59(e) or

a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).

Inmate *pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). Plaintiff's post-judgment motion, dated April 9, 2023, was received by the Court on April 19, 2023. (Doc. No. 22, p. 3.) Giving Plaintiff the benefit of the doubt, the undersigned will assume that Plaintiff deposited his motion into the prison mailing system on the day it was dated and signed. Thus, pursuant to the prison mailbox rule, Plaintiff's motion was filed in this Court on January 31, 2023. Because Plaintiff did not file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012).

The Court has already denied Plaintiff's Rule 59(e) motion in which he sought to amend his complaint. (D.E. 32). "Fifth Circuit precedent has established that Plaintiff only gets one bite at the Rule 59(e) apple." *See Fret v. Melton Truck Lines, Inc.*, No. SA-15-CV-00710-OLG, 2017 WL 5653905, at *5 (W.D. Tex. Feb. 13, 2017) (citing *Charles L.M. v. N.E. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989)). In *Charles*, the Fifth Circuit explained that "it is conceivable that a dissatisfied litigant could continually seek reconsideration and prevent finality to the judgment." *Charles*, 884 F.2d at 770. Here, Plaintiff seeks leave through a Rule 60(b) motion to amend his complaint where he was unsuccessful to obtain relief through Rule 59(e). Technically, the federal rules allow for

the Court to address a Rule 60(b) motion even while the avenue for relief under Rule 59(e) is foreclosed.  *See Fret*, 2017 WL 5653905, at *5.

Unlike Rule 59(e) motions seeking leave to amend complaint, the Fifth Circuit has not expressly determined whether similar Rule 60(b) motions are governed by the same considerations controlling the exercise of discretion under Rule 15(a).  The undersigned has not found any district court decision within the Fifth Circuit expressly holding that a Rule 60(b) motion seeking leave to amend complaint should be treated like its Rule 59(e) motion counterpart. Notwithstanding this lack of authority and out of an abundance of caution, the undersigned will consider Plaintiff's Rule 60(b) motion to amend under the same considerations governing Rule 15(a) motions.

Rule 15(a) provides that leave to amend should be freely granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Thus, while leave to amend is not automatic, "Rule 15 evinces a bias in favor of granting leave to amend."  *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (quoting *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

"Leave to amend should not be denied unless there is *substantial reason* to do so." *Montemayor v. Chudasama*, No. 3:21-CV-2252-N-BH, 2021 WL 5450994, at *3 (N.D. Tex. Oct. 19, 2021), *adopted* 2021 WL 5449032 (N.D. Tex. Nov. 19, 2021) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998)) (emphasis in original).  "There is substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there

have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile." *Montemayor*, 2021 WL 5450994 at *3 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "An amendment is futile if, after the amendment, the complaint would still 'fail to state a claim upon which relief could be granted.'" *Burnette v. RateGenius Loan Services, Inc.*, 671 F. App'x 889, 894 (5th Cir. 2016) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

Here, substantial reasons exist to deny Plaintiff's motion.  Plaintiff's proposed amendment seeks to add: (1) several Eighth Amendment violations against a new defendant, Dr. Randy D. Bingham; and (2) additional claims against Defendants already named in this action.  (D.E. 34, 34-1).

First, Plaintiff improperly seeks to raise new claims against a party not named in the original complaint.  *See* Fed. R. Civ. P. 18(a) (allowing a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party").  Plaintiff's new Eighth Amendment claims against Dr. Bingham arise out of separate transactions and occurrences as compared to his claims asserted against the defendants named in the original complaint.  Fed. R. Civ. P. 20(a) (allowing only the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants).  Plaintiff, therefore, may not seek to add to this case his new claims against Dr. Bingham.

Furthermore, Plaintiff raises nothing in his present motion that would cause the undersigned to allow Plaintiff's proposed amendments or otherwise alter the final

judgment. As detailed above, the Court overruled all of Plaintiff's objections and dismissed Plaintiff's claims as frivolous and/or for failure to state a claim for relief.  (D.E. 28). Plaintiff presents nothing to excuse his failure to present his new claims to the Court in a timely manner while his case was pending.   The Court has already denied Plaintiff's prior Rule 59(e) motion in which he sought to add many of the same claims he now seeks to add through his Rule 60(b) motion.  (D.E. 32).

## III.    RECOMMENDATION

Because he impermissibly attempts to join new claims in this action as well as due to the futility of his proposed amendments, Plaintiff cannot establish an entitlement to relief from the Court's final judgment under either Rule 60(b) or Rule 15(a).  The undersigned respectfully recommends, therefore, that Plaintiff's post-judgment Motion for Leave to File Amended Complaint (D.E. 34) be **DENIED**.

Respectfully submitted on April 27, 2023.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).